UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CYNTHIA Y. CALLISTRO,                   :
                                        :
                    Plaintiff,          :    11 Civ. 2897 (DLC)
                                        :
          -v-                           :    MEMORANDUM OPINION
                                        :         & ORDER
NEW YORK CITY PARKS DEPARTMENT,         :
                                        :
                    Defendant.          :
                                        :
----------------------------------------X

Appearances:

For defendant:

Michael A. Cardozo
Asad Rizvi
New York City Law Department
100 Church Stret, Room 2-112
New York, NY 10007-2601


DENISE COTE, District Judge:

        Plaintiff Cynthia Callistro ("Callistro") brought this

action against defendants the New York City Parks Department

("Parks Department") and Richard Cabo ("Cabo"), alleging that

the defendants discriminated against her because of her

Christian religion, gender, age, and disability and subjected

her to a hostile work environment as to her religion.  By

Opinion and Order dated January 25, 2013 (the "Opinion"), the

Court granted the defendants' September 7, 2012 motion for

summary judgment in part.  The Opinion dismissed each of the

1

plaintiff's discrimination claims and hostile work environment claim as to Cabo, but denied summary judgment with respect to plaintiff's hostile work environment claim against the Parks Department.  <u>Callistro v. Cabo and New York City Parks Dep't</u>, No. 11 Civ. 2897 (DLC), 2013 WL 322497 (S.D.N.Y. Jan. 25, 2013). By Order dated January 25, all claims against Cabo were dismissed.  The Parks Department timely filed this motion for reconsideration of the Opinion on February 8, 2013.[1]  Familiarity with the facts of this case, as set out in the Opinion, is assumed.

The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  <u>Id</u>. Likewise, a party moving for reconsideration may not advance new facts, issues, or arguments not previously presented to the Court.  <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.</u>, 265 F.3d 97, 115 (2d Cir. 2001).  The decision to grant or

---

[1] Callistro has not yet filed a response.  In light of the outcome of this Memorandum Opinion and Order, however, the plaintiff suffers no prejudice.

deny a motion for reconsideration is within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The Parks Department's motion for reconsideration does not meet this exacting standard. The Parks Department principally contends that the Opinion overlooked the Ellerth/Faragher affirmative defense to Callistro's hostile work environment claim in light of the plaintiff's failure to file a formal complaint about Cabo's comments under the Parks Department's established complaint procedures.[2] This argument fails, for three reasons.

First, the Opinion did not overlook the defendant's argument regarding the manner in which Callistro reported Cabo's behavior. Although the Opinion did not address it in detail, it considered that Callistro had received copies of the Parks Department's EEO procedures and explained that she had complained about Cabo's comments to one of her supervisors.

---

[2] The Ellerth/Faragher defense "examines the reasonableness of the conduct of both the employer and the victimized employee" and requires that the defendant demonstrate

> (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001) (citation omitted).

Callistro, 2013 WL 322497, at *1-*2.  Second, the defendant's
original moving papers focus on Callistro's failure to file a
complaint with the Parks Department's EEO office and only make
passing reference to the Ellerth/Faragher defense as part of
parenthetical phrases in a string citation.

Third, any reliance on the Ellerth/Faragher defense is
unavailing.  The cases on which the Parks Department now relies,
and the controlling authority cited by the Parks Department in
its original moving papers, make clear that "[n]o affirmative
defense is available [to an employer] . . . when the
supervisor's harassment culminates in a tangible employment
action, such as discharge."  Burlington Industries, Inc. v.
Ellerth, 524 U.S. 742, 765 (1998) (emphasis added); Faragher v.
City of Boca Raton, 524 U.S. 775, 808 (1998); see Leopold, 239
F.3d at 245; see also Redd v. New York Div. of Parole, 678 F.3d
166, 182 (2d Cir. 2012).  Where a plaintiff is fired, as
Callistro was, the Ellerth/Faragher defense is not applicable.
The Parks Department thus fails to identify any facts or legal
authority that could alter the Opinion's conclusion.

The Parks Department also argues for the first time in its
motion for reconsideration that it was not otherwise on notice
of any harassing comments made by Cabo with respect to
Callistro's Christian religion.  This argument was not
previously presented to the Court, and is therefore rejected.

<u>Nat'l Union</u>, 265 F.3d at 115.  In any event, an employer is <u>ipso</u> <u>facto</u> vicariously liable for harassment by a supervisor under Title VII that culminates in the termination of a plaintiff's employment.  <u>Petrosino v. Bell Atlantic</u>, 385 F.3d 210, 225 (2d Cir. 2004); <u>Redd</u>, 678 F.3d at 182.

The Parks Department's remaining contentions regarding the sufficiency of plaintiff's evidence merely repeat arguments made in its original moving papers.  These arguments have been considered and rejected.  <u>See Callistro</u>, 2013 WL 322497, at *9.


CONCLUSION

The Parks Department's February 8, 2013 motion for reconsideration is denied.


SO ORDERED:

Dated:    New York, New York
          February 22, 2013

                                _____
                                      DENISE COTE
                              United States District Judge